IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIAM L. KEY AND MELANIE KEY                                    PLAINTIFFS

v.                                           CIVIL ACTION NO. 3:16-cv-00081-GHD-SAA

BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC and GLOBAL
RENTAL COMPANY, INC.                                             DEFENDANTS

## MEMORANDUM OPINION GRANTING
## PLAINTIFFS' UNOPPOSED MOTION TO REMAND

Presently before this Court is Plaintiffs' unopposed motion to remand [43]. Upon due consideration, the Court is of the opinion that the motion should be granted due to lack of diversity jurisdiction.

### A. Factual and Procedural Background

On December 7, 2015, Plaintiffs William L. Key and Melanie Key ("Plaintiffs") filed a complaint in the Circuit Court of Marshall County, Mississippi, against Defendants Bridgestone/Firestone, Inc.; Bridgestone Americas Tire Operations, LLC; Bridgestone/Firestone Americas Holding, Inc.; North Alabama Leasing, Inc.; as well as ten fictitious defendants, to recover for injuries allegedly sustained while Plaintiff William L. Key was operating a bucket truck for his employer and one or more tires failed, causing loss of control of the vehicle and resulting injuries and damages. Plaintiffs allege that the tires were designed, manufactured, and sold by Defendant Bridgestone/Firestone, Inc., and that Defendants are liable based on strict liability in tort, negligence, breach of warranties, and errors and omissions. Pls.' State-Ct. Compl. [2] ¶¶ 5–7. Plaintiffs seek damages for medical expenses, past and future, as well as physical pain and suffering, mental anguish and anxiety, and discomfort. *Id.* ¶ 7. Plaintiffs

1

allege that "[Plaintiff William L. Key] suffers from a degree of permanent physical impairment and disfigurement as a result of his injuries" and "has lost wages and income as a result of his injuries and will continue to lose wages and income in the future." *Id.* Plaintiffs further allege that as a result of the injuries sustained by Plaintiff William L. Key, Plaintiff Melanie Key, his wife, has sustained loss of consortium and the services of her husband. *Id.* ¶ 8.

Subsequently, Defendants Bridgestone/Firestone, Inc.; Bridgestone Americas Tire Operations, LLC; and Bridgestone/Firestone Americas Holding, Inc. removed this case to this Court on the basis of diversity jurisdiction. The parties filed a stipulation of dismissal without prejudice [8] to dismiss Defendants Bridgestone/Firestone, Inc. and Bridgestone/Firestone Americas Holding, Inc. pursuant to Rule 41(a)(1)(A) and (B) of the Federal Rules of Civil Procedure. Defendant Bridgestone Americas Tire Operations, LLC then filed an amended notice of removal [15] on the basis of diversity jurisdiction. Plaintiffs then filed a motion for leave to file an amended complaint [23 & 24] to add four parties, Altec, Inc.; Altec Industries, Inc.; Altec NUECO, LLC; and Global Rental Company, Inc. The United States Magistrate Judge subsequently entered an Order [33] denying the motion due to failure to provide specific proof that the parties Plaintiffs sought to add were necessary to the action. Plaintiffs subsequently filed a renewed motion for leave to file amended complaint [36] stating that they had confirmed that Global Rental Company, Inc. was the owner of the bucket truck at the time of the accident. This motion was granted by Order [41] of the Magistrate Judge. Subsequently, Plaintiffs filed an amended complaint [42] against Bridgestone Americas Tire Operations, LLC and Global Rental Company, Inc. Plaintiffs then filed the present motion to remand [43] the case to state court, contending that the motion was unopposed. Indeed, no response in opposition has been filed, and the time for doing so is now passed.

### B. Standard of Review

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### C. Discussion

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiffs contend that complete diversity of citizenship no longer exists, because Plaintiffs are citizens of Alabama, as is Defendant Global Rental Company, Inc., an Alabama corporation. The Court finds that this argument is well taken. Because Plaintiffs and newly added Defendant Global Rental Company, Inc. are Alabama citizens, complete diversity is no longer present.

The Fifth Circuit recently stated: "Crucially, '[j]urisdictional facts are determined at the time of removal, not by subsequent events.' Thus, to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's

possibility of recovery against that defendant <u>at the time of removal</u>." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (quoting *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014)).  Because Plaintiff had a possibility of recovery in her original state-court action against this newly added Defendant, which allegedly owned the bucket truck driven by Plaintiff William L. Key at the time of the events giving rise to this personal-injury action, the Court finds that joinder of Defendant Global Rental Company, Inc. is proper, and that the joinder of this Defendant destroys complete diversity.  The Court notes that the motion is unopposed.  For all of the foregoing reasons, the Court finds that complete diversity of citizenship is no longer present in this case, and the case must be remanded to state court.

### D. Conclusion

In sum, Plaintiffs' unopposed motion to remand [43] to state court is GRANTED based on lack of complete diversity of citizenship; the matter shall be REMANDED to the Circuit Court of Marshall County, Mississippi; and this case shall be CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 31st day of August, 2016.

_SENIOR U.S. DISTRICT JUDGE_